ATKINS v. JOHNSON, CARUTHERS & RAND COMPANY.

Opinion delivered February 24, 1900.

APPEAL FROM JUSTICE'S COURT—AFFIDAVIT—AMENDMENT.—An informal affidavit for appeal from a justice's court may be amended in the circuit court, and if the record on appeal from the circuit court shows that evidence was heard in regard to the affidavit which does not appear in the bill of exceptions, and that the circuit court overruled a motion to dismiss, it will be presumed that the circuit court treated the affidavit as amended. (Page 495.)

Appeal from Union Circuit Court.

CHAS. W. SMITH, Judge.

### STATEMENT BY THE COURT.

Johnson, Caruthers & Rand Company brought replevin in justice court against A. S. Atkins and one Terrell, from whom Atkins purchased the goods in controversy. Upon a

trial before a jury in the justice court, the jury returned a verdict for the defendant, Atkins, the case having been dismissed as to Terrell.    Johnson, Caruthers & Rand Company attempted to appeal the case to the circuit court.

In the circuit court Atkins moved to dismiss the appeal, for want of the statutory affidavit.    The court overruled the motion to dismiss, and Atkins' exceptions were noted.    The following is a copy of the affidavit for an appeal, omitting the caption:

"We, Johnson, Caruthers & Rand Company, do solemnly swear that the appeal taken by us in the above entitled cause is not taken for the purpose of delay, but that justice may be done us.    [Signed ]    JOHNSON, CARUTHERS & RAND CO.

"I am one of the attorneys in this cause of action, and state that the plaintiffs are absent from the county.    [Signed ]
"E. O. MAHONEY.

"Subscribed and sworn to before me this the 3d day of December, 1896.    "G. M. WRIGHT, J. P."

After overruling the motion to dismiss, the court ordered the case to proceed to trial before a jury, who returned a verdict for plaintiff, after which judgment was rendered accordingly.    The defendant prayed an appeal to this court, which was granted.

*Murry & Callaway*, for appellants.

The statutory affidavit for appeal is a prerequisite to the granting of an appeal from a justice's court.    19 Ark. 647. Every affidavit must be signed by the *affiant*.    The affidavit in this case is insufficient.    35 Ark. 214; 36 Mo. App. 419; 11 Paige, 173; 72 Mo. 370; 54 Miss. 640; 41 Ind. 301; 70 Ia. 386; 16 S. W. 337; Sand. & H. Dig., § 2976.

*H. P. Smead* and *H. S. Powell*, for appellant.

An appeal from justice's court can not be dismissed for mere informality of the affidavit.    60 Ark. 524; Sand. & H. Dig., §§ 4437, 4438.    An informal affidavit can be amended in the circuit court, and if no objection is taken to it there, none can be urged on appeal.    33 Ark. 745; 59 Ark. 177; 46 Ark. 302; 47 Ark. 49.

HUGHES, J., (after stating the facts.)   The appellant con-
ten ls that this affidavit is not sufficient, or, rather, that it is
really no affidavit.   This affidavit was amendable.   The record
shows that evidence was heard in regard to the affidavit, which
evidence does not appear in the bill of exceptions.   If the court
considered the affidavit insufficient, it may have treated it as
amended, upon hearing the evidence.

The judgment is affirmed.